Filed 6/17/25  P. v. Acosta CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODERICK ACOSTA,<br><br>    Defendant and Appellant. | 2d Crim. No. B339068<br>(Super. Ct. No. TA143431)<br>(Los Angeles County) |

Roderick Acosta appeals the denial of his petition for resentencing under Penal Code section 1172.6.[1]  He contends the trial court erred when it found him ineligible for resentencing as a matter of law because Senate Bill No. 1437 (2017-2018 Reg. Sess.) went into effect before he pleaded no contest to attempted murder.  The Attorney General concedes the error.  We agree and will reverse.

---

    [1] Unless otherwise noted, all statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

Appellant and three other members of the Florencia 13 gang—Jonathan Prado, Mauricio Landaverde, and Hector Benitez—were charged with attempted murder in connection with two gang-related shootings in Los Angeles. Appellant, Prado, and Landaverde appeared in court in September of 2019 and pleaded no contest to one count of attempted murder each. (§§ 187, subd. (a), 664.) Appellant and Prado admitted using and discharging a firearm during the commission of their offenses. Benitez did not appear at the hearing and the record is silent about the disposition on his charges.

Appellant later received a negotiated term of 27 years in prison. He petitioned for resentencing under former section 1170.95 (now section 1172.6) in May of 2022. He argued he was eligible for resentencing on the attempted murder charge under Senate Bill 775 (2021-2022 Reg. Sess.). The court found the petition facially sufficient and appointed counsel. The district attorney opposed the petition, arguing appellant was not eligible for resentencing because Senate Bill 1437 was already in effect when he entered his plea. The court set a prima facie hearing for July of 2023. The hearing was continued seven times at the request of counsel. Defense counsel eventually submitted on the district attorney's response without filing a reply.

Neither side presented oral argument when they appeared at the resentencing hearing in June of 2024. The court found appellant did not make a prima facie showing for relief and denied the petition without reaching its merits. It stated: "The change in law occurred in 2019. So when he pled to the charges in this case, the law had changed. And there's no indication that

2

he pled based on a theory because the law had changed that was no longer applicable when he pled in this case in 2020."[2]

## DISCUSSION

Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute as stated in *People v. Birdsall* (2022) 77 Cal.App.5th 859, 866.) It established a procedure for defendants convicted of murder on an implied malice theory, such as the natural and probable consequences doctrine, to petition for resentencing under current law. (Former § 1170.95, subd. (a).) Those who accepted a plea in lieu of trial could also petition for resentencing if they "accepted a plea offer in lieu of a trial at which [they] could be convicted for first degree or second degree murder." (*Id.*, subd. (a)(2).)

Senate Bill 1437 went into effect on January 1, 2019. A split of authority developed in the Courts of Appeal on whether the statute eliminated imputed malice liability for *attempted* murder as well. (See, e.g., *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1106 review granted Nov. 13, 2019, S258175 ["Senate Bill 1437's legislative prohibition of vicarious liability for murder does not, either expressly or impliedly, require elimination of vicarious liability for attempted murder"]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754 review granted Nov. 26, 2019, S258234

---

[2] The trial court mistakenly stated appellant entered his plea in 2020. The record confirms he did so in September of 2019.

3

["Senate Bill 1437 is not ambiguous; by its plain terms, it does not extend to Munoz's offense of attempted murder"].) Senate Bill 775 resolved the split by expanding the class of eligible defendants to include those convicted of attempted murder and manslaughter, effective January 1, 2022. (Sen. Bill No. 775 (2021-2022 Reg. Sess.) § 2; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

Appellant contends this split of authority meant he could still have been convicted under a natural and probable consequences doctrine when he entered his plea. The Attorney General concedes the issue. We agree. Prosecutors could have cited valid case law in September of 2019 for convicting appellant on an implied malice theory despite the enactment of Senate Bill 1437. The legislature foreclosed this possibility only when it enacted Senate Bill 775. We reversed the order denying his codefendant's petition for this reason. (*People v. Landaverde* (April 16, 2025, B334537) [nonpub. opn.].)

Unlike his co-defendant, however, appellant admitted to personally using and discharging a firearm during the offense. Admissions contained in a plea agreement can later establish a defendant was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life. (See *People v. Muhammad* (2024) 107 Cal.App.5th 268, 281-282, review granted Feb. 19, 2025, S288860 [preliminary hearing transcript and great bodily injury admission established defendant alone inflicted victim's injuries].) We will review his record of conviction de novo to determine if the trial court's ineligibility finding was harmless. (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251 [trial court's prima facie determination that a petitioner is ineligible for

4

section 1172.6 relief as a matter of law reviewed de novo]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-183 [petitioner ineligible for relief if the record of conviction shows their conviction was based on a theory of liability that remains valid under Senate Bill 1437].)

The record of conviction and the record on appeal alone do not establish appellant is ineligible for relief as a matter of law. The information included six counts of attempted murder involving four defendants, six victims, and two shootings—one in August of 2016 and one in January of 2017. Appellant pleaded no contest only to count 6, which arose from the January 2017 shooting. Benitez was named as his co-defendant on this count and on a related conspiracy charge (count 10). Both men were charged with using and discharging a firearm. Benitez was not among the three defendants who entered a plea in September of 2019. The disposition of his charges (including count 6) is not known.

The information describes the crime generally, alleging the "[c]onspirator and/or conspirators in [the] front car fire[d] multiple rounds at potential rival Hood Family gang members, striking one victim, while [the] rear car block[ed] [the] license plate and serve[d] as a decoy car." The two felony complaints preceding the information allege the same. No reporter's transcript or minute order from a preliminary hearing is before us to place the these allegations into context.[3] (See, e.g., *People v. Patton* (2025) 17 Cal.5th 549, 569 [statements in transcript of defendant's preliminary hearing "contributed specific factual assertions about his conviction—namely, that it was premised on

---

[3] Appellant alleged in his petition that he "waived prelim" before entering his plea.

him being the sole shooter"].)  Appellant's probation report provides no information about the January 2017 shooting or the charges arising from that offense.  At their plea hearing, the defendants stipulated generally to a factual basis without specifying a source.

## DISPOSITION

The trial court's order denying appellant's section 1172.6 petition as to his attempted murder conviction is reversed.  The matter is remanded for the court to conduct further proceedings in accordance with section 1172.6, subdivision (c).

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Laura R. Walton, Judge
Superior Court County of Los Angeles

_____

Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen J. Inberg and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.